**WO**                                                                                                          MH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Mozie,<br><br>  Petitioner,<br><br>v.<br><br>M. Gutierrez,<br><br>  Respondent. | No.   CV-24-00316-TUC-SHR (MSA)<br><br>**ORDER** |

On June 24, 2024, Petitioner James Mozie, who is confined in the United States Penitentiary-Tucson, filed a pro se Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody. On September 24, 2024, he paid the $5.00 filing fee. On September 30, 2024, he filed an Amended Petition (Doc. 7). The Court will dismiss the Amended Petition, and this action, for lack of jurisdiction.

**I.    Amended Petition**

Petitioner raises one ground for relief from his conviction and sentence in *United States v. Mozie*, CR-11-60121 (S.D. Fla.). Specifically, he claims his criminal indictment was constructively amended to alter the level of scienter required for a conviction under 18 U.S.C. § 1591.

**II.   Discussion**

A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is generally the appropriate method for challenging a federally imposed conviction or sentence, including a challenge that "the sentence was imposed in violation of the Constitution or laws of the

United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." § 2255(a); *see Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). A § 2241 petition for writ of habeas corpus is not a substitute for a motion under § 2255. *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

The Court will not consider a § 2241 petition by a prisoner authorized to apply for § 2255 relief "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." § 2255(e); *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997). This exception is narrow. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003).

The § 2255 remedy **is not** inadequate or ineffective merely because the statute of limitations bars Petitioner from filing a motion under § 2255, the sentencing court has denied relief on the merits, or § 2255 prevents Petitioner from filing a second or successive petition. *See Ivy*, 328 F.3d at 1059; *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999); *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999); *Tripati*, 843 F.2d at 1162. The § 2255 remedy **is** inadequate or ineffective "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008) (quoting *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006)). In determining whether a petitioner has had an unobstructed procedural shot to pursue his claim, the Court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." *Id.* at 960 (quoting *Ivy*, 328 F.3d at 1060, 1061).

"The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the petitioner." *McGhee*, 604 F.2d at 10; *see Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963). Petitioner has failed to meet this burden. First, it is not clear his claim qualifies as a claim of "actual

innocence." *See Bousley v. United States*, 523 U.S. 614, 623 (1998) ("'[A]ctual innocence' means factual innocence . . . ."); *see also Elkins v. McKinney*, No. CV2202521RGKRAO, 2022 WL 1805430, at *4 (C.D. Cal. June 2, 2022) ("Construing the Petition's claims of a defective indictment and constructive amendment/defective jury instructions/fraud on the court as ones relating to due process, these are not claims of actual innocence as that term is meant in the context of section 2255's escape hatch because Petitioner does not challenge the factual evidence leading to his conviction."), *certificate of appealability denied*, No. 22-55656, 2023 WL 9074626 (9th Cir. Oct. 25, 2023).  Even if Petitioner's claim encompasses an assertion of actual innocence, he has not shown he lacked an unobstructed procedural shot at presenting it.  On the contrary, both the District Court for the Southern District of Florida and the Eleventh Circuit Court of Appeals have addressed Petitioner's claim that his indictment was constructively amended.  *Mozie*, CR-11-60121, Doc. 253 at 4–6; *Mozie v. United States*, No. 12-12538 (11th Cir.), Doc. 129-1 at 19–24.  Accordingly, Petitioner does not qualify to proceed under § 2241, and the Court will dismiss his Amended Petition for lack of jurisdiction.  *See* § 2255(a), (e); *Tripati*, 843 F.2d at 1163.

**IT IS ORDERED:**

(1) Petitioner's Amended Petition Under 28 U.S.C. § 2241 (Doc. 7) and this case are **dismissed**.

(2) The Clerk of Court must enter judgment accordingly and close this case.

(3) Although Petitioner has brought his claims in a § 2241 petition, a certificate of appealability is required where a § 2241 petition attacks the petitioner's conviction or sentence.  *See Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001).  Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 18th day of October, 2024.

Honorable Scott H. Rash
United States District Judge